UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
CLIFFORD DALE FOX,
    Debtor.                                        No. 7-06-10690-SL

KIERAN F. RYAN, Trustee
    Plaintiff,

v.                                                     Adv. No. 06-01189-S
CLIFFORD DALE FOX,
    Defendant.

Consolidated with:

UNITED STATES TRUSTEE,
    Plaintiff,

v.                                                     Adv. No. 06-01190-S
CLIFFORD DALE FOX,
    Defendant

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the Motion to Dismiss (doc 13) filed by Clifford Dale Fox ("Debtor"), and the objections thereto by the United States Trustee (doc 19 and 21) and by Kieran Ryan ("Trustee") (doc 20) ("Plaintiffs"), and Debtor's reply (doc 22). The motion will be denied.

FACTS

Debtor filed for Chapter 7 bankruptcy relief on May 1, 2006. June 20 was the first date set for the meeting of creditors under Section 341(a). The deadline for filing a

1

complaint objecting to Debtor's discharge therefore was Monday, August 21, 2006. Rules 4004(a) and 9006(a) F.R.B.P.

On August 21 (or earlier) Debtor's then counsel Kenneth G. Egan and Trustee agreed to the entry of a stipulated order extending, for the Trustee and the United States Trustee, the deadline for objections to the debtor's discharge until October 23. The order was e-mailed to the Court and the Court reviewed and approved the order on August 21. However, it was not docketed until the following day, August 22. (Main case, doc 12.) On October 18 Trustee filed his complaint objecting to Debtor's discharge, and the United States Trustee filed her complaint on October 23. Debtor asserted as an affirmative defense to Trustee's complaint that it was untimely filed. Afterward the two adversary proceedings were consolidated, and Debtor's defense applies to both complaints.

CONCLUSIONS OF LAW

> In relevant part, Rule 4004 states as follows:
>
> Grant or Denial of Discharge
> (a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.
> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)….

>   (b) Extension of Time.
>   On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Rule 9006(b)(3), dealing with enlargement of time, states in relevant part:

> The court may enlarge the time for taking action under Rules…4004(a)…, only to the extent and under the conditions stated in those rules.

Debtor argues that the failure to get the extension order timely entered[1] means that there has been no compliance with Rule 4004(a) or (b), and therefore the consolidated complaints have been untimely filed. In response Plaintiffs argue that the stipulation would have been filed timely if not for unavoidable events, namely, a CM/ECF software update that occurred that weekend which Plaintiffs assert caused the Court to enter the order on Tuesday rather than Monday. They also argue that the Court has the equitable power to correct mistakes pursuant to §105(a). And they contend that the time provisions in Rule 4004 are not jurisdictional and therefore can be modified or extended by the use of equitable defenses such as waiver or estoppel.

---

[1] Rules 9021 and 5023, F.R.B.P. provide that orders are "entered" when they are docketed.

Plaintiffs incorrectly assert that a court error resulted in the untimely filing, blaming the upgrade of the Court's CM/ECF system that weekend. Plaintiffs misunderstand how orders are processed. Orders are submitted by e-mail (as required by Notice to Practitioners No. 2004-06 section 4, December 14, 2004), reviewed by the Court, and if approved, forwarded to the Clerk's office for docketing. Thus, whereas CM/ECF immediately dockets a party's filing, submission to the Court of a proposed order by e-mail has no such automatic result. The fact that the order must first be reviewed by the judge (who may not even see the order on the day it is sent) to approve its entry, makes it clear that no party can reasonably expect that in all instances an order will always be entered on the day it is submitted. (This is without consideration of the remainder of the process, which counsel likely were not aware of.) So this case does not raise an issue of parties being misled or harmed by the Court. Cf. Themy v. Yu (In re Themy), 6 F.3d 688, 690 (10th Cir.1993) (court may allow untimely filings using its equitable powers when one party relied on an incorrect notice from the court) but compare Bowles v. Russell, ___ U.S. ___, 127 S.Ct. 2360 (2007) (untimely appeal from denial of habeas corpus petition deprived court of appeals of jurisdiction to hear the

4

appeal even though counsel relied on an incorrect statement from the trial court giving defendant extra time to file the appeal). Thus the cases cited by Plaintiffs -- <u>Moss v. Block (In re Moss)</u>, 289 F.3d 540 (8th Cir. 2002) (objection filed 17 months after the deadline deemed timely filed due to reliance on court order indefinitely extending deadline) and <u>In re Anwiler</u>, 958 F.2d 925 (9th Cir. B.A.P. 1992) (court set two different deadlines for complaints to a discharge; late filed complaint allowed on equitable grounds) -- to the extent they have not been abrogated by <u>Bowles v. Russell</u>, are inapposite.

On the other hand, Plaintiffs are correct that the docketing of the extension order on August 22 is not a jurisdictional defect precluding the action from going forward. <u>Kontrick v. Ryan</u>, 540 U.S. 443, 452-57 (2004) ("jurisdictional" is a term that should be limited to subject matter and personal jurisdiction; debtor waived defense of untimely filing by waiting until after the adjudication of the merits to raise the issue). <u>Compare, for example,</u> <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642-46 (1992) (untimely filing of objection precluded trustee from contesting debtor's claim of exemption but was not characterized as "jurisdictional"). Thus, unlike a genuine challenge to the Court's subject matter jurisdiction, which

5

if well taken would require this Court to dismiss the action regardless of when it was raised, <u>Kontrick v. Ryan</u>, 540 U.S. at 455, there are circumstances in which a late-filed objection may proceed. <u>Id.</u> The question is whether such circumstances exist in this adversary proceeding. The Court finds that such circumstances do exist.

The elements of an estoppel defense are a representation, act or omission; justifiable reliance on that act or omission; and a change of position to one's detriment based on that reliance. <u>Lone Mountain Production Co. v. Natural Gas Pipeline Co. of America</u>, 984 F.2d 1551, 1557 (10th Cir. 1992) (action on a gas purchase contract; "[E]stoppel bars a party when by acts, or silence, one induces another party to act to his detriment in reliance on that silence or act.").

The order itself makes clear that Defendant entered into a stipulation with the Plaintiff Kieran Ryan to extend the deadline for objection; that stipulation constituted the requisite representation. It is equally apparent that had Defendant not stipulated to the entry of an order extending the deadline, on August 21 Plaintiffs would have filed their complaints, or at least Trustee on behalf of Plaintiffs would have filed a motion requesting the extension. As explained above, that motion would have been

6

Case 06-01189-s    Doc 23    Filed 07/24/07    Entered 07/24/07 15:24:33 Page 6 of 8

docketed immediately – i.e., timely – and thereby would have preserved Plaintiffs' rights.  Rule 4004(b).[2]

Debtor argues that stipulated extensions must be "ordered by the court", citing In re Synder, 102 B.R. 874, 875 (Bankr. S.D.Fla. 1989), and Dent v. Associates Financial Services of America, Inc. (In re Dent), 137 B.R. 78, 80 (Bankr. S.D.Ga. 1992). The parties in Snyder agreed to an extension, but the court refused to approve that agreement on the basis that the Code and Rules "display a clear mandate for prompt disposition of these controversies".  Id. at 875.  The court provided no other explanation for its ruling.  With respect, this Court does not regard the wording and policy of the Code and Rules so inflexibly.[3]

Dent is even less applicable.  In that case the attorneys agreed between themselves (although even this fact was subject to dispute) to extend a deadline imposed by a court order to file a proof of claim.  The court

---

[2] It is true that the Court might not have granted the motion if it were contested, which would have meant that the time had expired.  However, that possibility is vanishingly slight.  At worst, consistent with the Court's practice, the Court almost certainly would merely have required Plaintiffs to file their complaints sooner than October 23.

[3] At the time of the Snyder ruling, Rule 4004(b) required that an order extending the deadline have been entered by the court prior to the expiration of the deadline.  Since 1996 Rule 4004(b) requires only that the motion be pending as of the deadline.  It appears that the Snyder court relied on this limitation for its ruling.  Reliance on a like provision of Rule 4003(b) (objections to exemptions) was the basis of the ruling in Clark v. Brayshaw (In re Brayshaw), 912 F.2d 1255, 1256-57 (10th Cir. 1990), making that case equally inapposite.

7

refused to give effect to the parties' unilateral change of its order. In this adversary, the parties were not seeking to modify an order of this Court, and in any event they sought prompt approval of the extension.

Conclusion and Order:

Plaintiffs, in reliance on Defendant's agreement in the stipulated order, now find themselves facing a motion to dismiss. Defendant is estopped from urging dismissal based on an untimely filing.

It is therefore ordered that Defendant's motion to dismiss the complaints is denied.

_____
JAMES S. STARZYNSKI
UNITED STATES BANKRUPTCY JUDGE

Copy to:

Kieran F Ryan
Ryan Law Office
PO Box 26
Las Cruces, NM 88004-0026

Leonard Martinez-Metzgar
PO Box 608
Albuquerque, NM 87103-0608

Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479
505-527-8600